# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NANCY CALL,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0307**  (BOR Appeal No.2048766)
(Claim No. 2013003122)

**NATIONAL VISION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nancy Call, by Bradley J. Pyles, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. National Vision, Inc., by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 26, 2014, in which the Board affirmed an August 13, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 27, 2012, decision denying Ms. Call's application for workers compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Call worked as a sales associate for National Vision, Inc. On July 20, 2012, Ms. Call allegedly injured her left shoulder and arm when she fell in Wal-Mart's entrance way in between the two doors. National Vision Inc., is located on the inside of a Wal-Mart store. She immediately sought treatment at Logan Regional Medical Center, and an x-ray of the left shoulder revealed a comminuted fracture involving the left humeral head and neck. Ms. Call

1

filed an application for workers' compensation benefits. The claims administrator denied Ms. Call's claim and found the injury did not directly result from the course and scope of employment.

The Office of Judges affirmed the claims administrator's decision and found that Ms. Call has not established by a preponderance of the evidence that she sustained an injury resulting from her employment. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Call disagrees and asserts that the scope or zone of employment clearly includes the doors where the employees go to work and leave from work. Ms. Call further asserts that the Office of Judges assumed that an injury during a break or some other minor deviation from the strict business of the employer is non-compensable. Ms. Call argues that this is contrary to the personal comfort doctrine and this Court's decision in *Archibald v. Ott*, 77 W.Va. 448, 87 S.E. 791 (1916) wherein this Court held injuries can be compensable even when employees were looking to their own personal needs. National Vision, Inc., maintains that Ms. Call was going outside for the sole purpose of speaking to her daughter-in-law and has failed to establish that her injury was a result of her employment.

The Office of Judges found that the injury happened while Ms. Call was at work. The Office of Judges further found that it did not occur on the premises of National Vision, Inc., but instead occurred on Wal-Mart's premises. However, it determined that the claim should not be denied on this fact because the use of Wal-Mart's door and the area traveled to get in and out of National Vision, Inc., is part of an implied requirement of employment. The Office of Judges made this determination based on National Vision, Inc., being a business located within and surrounded by the premises of another business. The Office of Judges found it was necessary to use Wal-Mart's premises in order to go to or from National Vision, Inc., and therefore, the Office of Judges concluded that Ms. Call sustained her injury within the zone of employment.

However, the Office of Judges found the evidence does not establish that Ms. Call's injury was resulting from employment. The Office of Judges noted that Ms. Call left National Vision, Inc., in order to speak with her daughter-in-law, who was waiting in the parking lot. The Office of Judges found that Ms. Call was on a break, which has not been shown to be work-related, and that the employer has no control over how or when the employee's use their breaks. It determined that even though this Court has previously found injuries occurring during incidental acts, such as getting a drink of water or trying to find shelter,[1] could be held compensable, there is no indication in the record that this act was incidental to employment. Therefore, the Office of Judges held that Ms. Call has not established by a preponderance of the evidence that she sustained an injury resulting from her employment.

The Board of Review affirmed the Order of the Office of Judges. Upon review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Call was simply walking outside of the store to talk to her daughter-in-law when she fell. The evidence fails to shows that Ms. Call's injury was a result of her employment.

---

[1]*Archibald, Booker v. State Compensation Comm'r,* 113 W.Va. 657, 169 S.E. 483 (1933), and *Shapaka v. State Compensation Comm'r,* 146 W.Va. 319, 119 S.E.2d 821 (1961).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:     February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II